CITY TRUST COMPANY, EXECUTOR AND TRUSTEE
(ESTATE OF EDWARD A. JENNINGS) *v.* EMILIE
K. JENNINGS, EXECUTRIX (ESTATE OF
ERWIN S. JENNINGS)

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 5—decided April 15, 1969

*Gregory C. Willis,* with whom, on the brief, were *Lorin W. Willis* and *Edward J. Holahan, Jr.,* for the appellant (defendant).

*Frederick L. Comley,* for the appellee (plaintiff).

ALCORN, J. The plaintiff brought this action seeking a judgment rescinding a conveyance of real estate, voiding the deed of conveyance, or ordering a reconveyance based upon the allegation that the conveyance had been induced by false representations made by the defendant's decedent upon which the plaintiff relied. The court rendered judgment for the plaintiff, and the defendant has appealed, assigning error in the finding and in the court's action in overruling the plaintiff's claims of law. The propositions which are stated as claims of law attack the conclusions of fact drawn by the court from the subordinate facts which it had found proved. The single issue, therefore, is whether the court could properly conclude, from the subordinate facts found, that the defendant's decedent made a misrepresentation to the plaintiff concerning the property on which the plaintiff relied and by which it was induced to convey the property to the defendant's decedent.

The representation complained of was made shortly after September 13, 1952. The conveyance alleged to have been induced by it was made, some six years later, on December 15, 1958. The defendant's decedent, who is charged with having made the misrepresentation, died in 1964, about six years after the conveyance, and this action was brought on March 10, 1966. The defendant has made no issue, however, of the span of substantially fourteen years between the date of the act complained of and the commencement of this litigation.

The subordinate facts found by the court, with the corrections to which the defendant is entitled, may be stated as follows: Three brothers, Erwin M.,

Henry A., and Edward A. Jennings, had owned a tract of land variously described in survey, tax records, deed and certificate of devise as containing between thirty-six and forty-one acres. Erwin and Henry each built houses on the property, but Edward did not. Tax memoranda made by one of the brothers indicated that the town taxes assessed against the entire property, including the two houses, were apportioned so that the brothers who owned the buildings assumed the portion of the tax attributed to those structures and that the tax on the land was shared equally by all three. Memoranda in his possession make it clear that the defendant's decedent knew of this practice.

Edward A. Jennings never claimed any interest in the houses erected on the land by Erwin and Henry, but no agreement indicative of this understanding between the brothers had ever been reduced to writing or recorded on the land records. Erwin conveyed all of his interest in the property to his brother Henry before 1952. Edward survived his brothers but died on September 13, 1952, and the plaintiff is the duly qualified executor and trustee under his will.

When Edward A. Jennings died, the defendant's decedent, Erwin S. Jennings (not to be confused with his uncle, Erwin M.), owned a four-ninths interest in the property, an interest which he had inherited from his father, Henry A. Jennings.

A. Fuller Leeds was the plaintiff's trust officer in charge of the Edward A. Jennings estate. He had been familiar with the property for many years, and he knew of the recorded deed and certificate of descent by which the three brothers had acquired the property and which described it as embracing thirty-six acres. After Edward's death, the family

led Leeds to believe that the three brothers had had some arrangement concerning their ownership of the property, but he also knew that there was no agreement in writing or on record. If there was such an arrangement, he was unaware of its terms. He understood and assumed, however, that Edward owned a one-third interest in the land.

Leeds called Erwin S. Jennings, the defendant's decedent, and inquired whether he knew what the understanding was between the brothers. Jennings replied: "Yes, I know all about this, and send the appraiser down, and I will show him the property involved." Thereupon, Oliver Knight, one of the appraisers of Edward's estate, met the defendant's decedent on the property, and the latter "pointed out the boundaries in a vague and general way." They walked past the two houses, and Knight was told that the houses "were not to be included" in the appraisal. Whether the land on which the houses stood was to be excluded, Knight did not know. Knight was shown the approximate south and west boundaries of the property and was told that there were twelve acres of marshy ground and fifteen acres of high ground, twenty-seven acres in all, in which Edward A. Jennings "had an interest." Knight reported this information to Leeds and appraised Edward A. Jennings' interest in twenty-seven acres of vacant land as a one-third interest worth $5000.

Thereupon, Leeds suggested to the defendant's decedent that he should purchase "the interest of the estate of Edward A. Jennings in the property." This interest was described by Leeds in the inventory filed in the Probate Court as an undivided one-third interest in the entire tract of land as originally owned by the three brothers. Knight and the other appraisers signed the inventory after placing a

value of $5000 on the estate's one-third interest in the real estate thus described. Leeds also described the entire tract, including the two houses, in the federal estate tax return but recited that the estate's interest was an undivided interest in vacant land. In the affidavit concerning payment of state taxes, he again described the entire tract but stated that only twenty-seven acres of it constituted the estate's interest.

For the five-year period before the conveyance to the defendant's decedent, the plaintiff knew that the property described in the inventory included the two houses and more than twenty-seven acres of land. Finally, on December 15, 1958, the plaintiff knowingly conveyed to the defendant's decedent, by trustee deed, the undivided one-third interest, as inventoried, in the entire tract, making reference to the conveyances by which Edward A. Jennings had acquired his undivided interest with his brothers. Subsequently, one of the houses on the land burned down, and the other has fallen into disrepair.

From these subordinate facts the court correctly concluded that Edward A. Jennings owned an undivided one-third interest in the entire tract of land but that the understanding between the brothers was that he had no interest in the buildings thereon. There is no support, however, for the court's conclusion that the defendant's decedent failed to make a full disclosure of all he knew about Edward's interest in the property or that he made untrue representations concerning the property. What he apparently knew was that Edward owned an undivided one-third interest in the entire tract of land which the three brothers had jointly owned but that, by an informal understanding between them, he had

no interest in the buildings which had been built on it. This, the court concluded, was the true state of affairs. When Knight visited the property, he was shown the boundaries and was told that the houses should not be inventoried in Edward's estate. Thus, it would appear that the defendant's decedent correctly represented what he understood to be the situation. The legal aspects of his statement are not involved. See *Ward* v. *Ives,* 91 Conn. 12, 21, 98 A. 337.

Nor is there support in the subordinate facts for the court's conclusions that the defendant's decedent misrepresented the acreage or that the plaintiff relied on a misrepresentation in making the conveyance or that it was induced by a misrepresentation to sell the property. It is essential in an action based upon a false or fraudulent representation that the person claiming relief must establish not only that a false or fraudulent representation was made but also that he believed the statement to be true and in fact relied on it. *Beckwith* v. *Ryan,* 66 Conn. 589, 595, 34 A. 488. In sum, the court reached the conclusions that the defendant's decedent represented that Edward's interest was in twenty-seven acres of vacant land and that the plaintiff believed that statement to be true and relied upon it. The first of these conclusions seems to rest upon the finding that the defendant's decedent pointed out to Knight the boundaries of the south and west portions of the property and stated that there were twenty-seven acres of low and high land in which Edward had an interest. There is no finding, however, that this statement was, or was intended to be, a reference to the entire parcel rather than to the portion then being viewed. Moreover, before the conversation between Knight and the defendant's

decedent ever took place, the plaintiff knew of the recorded instruments by which the three brothers had originally acquired the land which stated the acreage involved, and, both in the inventory of the estate and in the conveyance to the defendant's decedent, it described that very land.

Since the facts found by the court fail to support a conclusion that there was any misrepresentation, inducement or reliance involved in the dealings between the parties leading up to the conveyance, the judgment rendered is without support.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.