In re Margaret Knapp JONES, Debtor.

**Margaret Knapp JONES, Plaintiff,**

v.

**Dale KREPPEL–MATARAZZO, Defendant.**

Bankruptcy No. 5–85–00028.
Adv. No. 5–85–0027.

United States Bankruptcy Court,
D. Connecticut.

May 29, 1986.

John R. Bryk, Blawie and Belinkie, Bridgeport, Conn., for plaintiff.

Ira B. Charmoy, Levin & Charmoy, P.C., Bridgeport, Conn., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR ASSESSMENT OF PUNITIVE DAMAGES

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff filed a claim in the form of a complaint in this adversary proceeding, alleging that she entered into an agreement with the defendant for the purchase of a business and that the defendant owes her money on a promissory note given by the defendant in connection with that transaction. The defendant objected to the plaintiff's claim, which, for the purposes of this proceeding, was filed in the form of an answer. The defendant's answer also included an affirmative defense, alleging that she was fraudulently induced to purchase the business, and a counterclaim in which she sought money damages for that alleged fraudulent conduct.

On February 19, 1986, the parties filed a stipulation which in pertinent part agreed that the plaintiff's claim and the defendant's counterclaim would be tried by a jury, and that "[i]f the jury finds that the Defendant is entitled to recover such sums [on the counterclaim], the Court will determine whether the Defendant is further entitled

to punitive damages and the amount of the same at a later hearing." This matter was reached for trial on February 20, 1986, and on February 25, 1986, the jury returned a Defendant's Verdict on the plaintiff's complaint and further found in favor of the defendant on the defendant's counterclaim. On March 3, 1986, the defendant filed the instant Motion For Assessment Of Punitive Damages, seeking attorney's fees for time "spent in the prosecution of the above matter as per verified time sheets annexed hereto" in the amount of $7,998.50, consisting of 59.2 hours of attorney's time at $125.00 per hour and 17.1 hours of para legal time at $35.00 per hour. In addition, the defendant sought "an award of interest to be determined by this court."

At the May 16, 1986 hearing on the defendant's motion, counsel for the defendant withdrew her claim for interest, and the parties agreed, as appears of record, that the present proceeding is a core proceeding and that the standard for the allowance of punitive damages should be derived from Connecticut common law.

Case law in Connecticut holds:

The purposes (sic) of awarding punitive damages is not to punish the defendant for his offense, but to compensate the plaintiff for his injuries. The rule in this state as to torts is that punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights.

*DeSantis v. Piccadilly Land Corporation,* 3 Conn.App. 310, 315, 487 A.2d 1110 (1985), *citing Doroszka v. Lavine,* 111 Conn. 575, 577–78, 150 A. 692 (1930). *See also, Collens v. New Canaan Water Co.,* 155 Conn. 477, 489, 234 A.2d 825 (1967).

On February 25, 1986, the court instructed the jury in pertinent part as follows:

Having instructed you on the burden of proof on the fraud issue raised by the defendant, I will now instruct you as to the essential elements of fraud which the defendant must prove.

The defendant's claim has six essential elements, as follows:[1]

FIRST, that a representation was made by the plaintiff to the defendant that the cosmetic business generated a certain level of income;

SECOND, that the representation was materially false;

THIRD, that the representation was either known by the plaintiff to be false when it was made, or it was made without belief in its truth, or it was made with reckless disregard for the truth;

FOURTH, that the representation was made to induce the defendant to rely on it;

FIFTH, that the defendant did rely on it; and

SIXTH, that as a consequence of such reliance, the defendant suffered a monetary loss.

... If on the other hand, you find that the defendant has established each of those elements by clear, precise, and unequivocal evidence, then you should return a verdict for the defendant on the plaintiff's complaint and you should consider the defendant's counterclaim for money damages alleged by the defendant to have resulted from the plaintiff's fraudulent conduct.

The plaintiff argues that because the jury returned a verdict for less than the defendant attempted to prove, it is apparent that the verdict represents a compromise rather than a finding by clear and convincing evidence of an intentional tort upon which punitive damages might be awarded. *See Alaimo v. Royer,* 188 Conn. 36, 39, 448 A.2d 207 (1982) (fraud must be proven by "clear and satisfactory evidence" or by "clear, precise and unequivocal evidence"), *citing, Creelman v. Rogowski,* 152 Conn. 382, 384, 207 A.2d 272 (1965); *Lopinto v. Haines,* 185 Conn. 527, 534, 441 A.2d 151 (1981). The plaintiff's

---

[1] *See Miller v. Appleby,* 183 Conn. 51, 54–55, 438 A.2d 811 (1981) (elements of fraud action); *City Trust Co. v. Jennings,* 158 Conn. 173, 178, 258 A.2d 86 (1969) (reliance); *Harper v. Adametz,* 142 Conn. 218, 223–24, 113 A.2d 136 (1955) (misrepresentation must be material).

logic is unconvincing. An award for less than the defendant claimed hardly justifies the conclusion that the jury ignored the court's instructions which, as noted, defined fraudulent inducement. To the contrary, it is assumed that the jury followed those instructions.

It is therefore assumed that the jury found that a representation was made by the plaintiff to the defendant which was (1) known by the plaintiff to have been false when it was made, or (2) it was made without belief in its truth, or (3) it was made with reckless disregard for the truth. And the only question is whether each of those three parts of the third element in the definition rises to the level of "reckless indifference to the rights of others or an intentional and wanton violation of those rights" required under Connecticut law in order to support an award of punitive damages.[2] I conclude that they do. Making a statement without belief in its truth is tantamount to a reckless indifference to the rights of others, as is making a statement known to be false when made or making it with reckless disregard for the truth, particularly in the context of the other elements of fraudulent inducement which, when read together, require a finding that a materially false representation was made by the plaintiff to induce the defendant to rely upon it.

For the foregoing reasons the defendant's motion is granted; the defendant is awarded punitive damages in the amount of $7,998.50[3]; and it is so Ordered.

---

**2.** Although it is assumed that the jury followed the instructions defining fraudulent inducement, it cannot be determined which part or combination of parts of the third element was found by the jury to have been proven. Therefore, in order for the defendant to be entitled to punitive damages, each must rise to the requisite level.

**3.** The plantiff has not challenged the number of hours or the hourly rates claimed in the defendant's motion.