[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, AB Small Business Investment Co., Inc., commenced this foreclosure action by service of a writ of summons and complaint on the defendants Thomas J. Husser, William J. Husser and Lucy Husser on July 1, 1994, as evidenced by the return of service contained in the court file. Since the time of filing, the pleadings have been through various stages of revision and amendment by both the plaintiff and the defendant, William J. Husser. On April 25, 1995, the plaintiff filed an amended complaint alleging, in a single count, that the defendants failed to make installments of principal and interest due on the note and mortgage at issue since November 1, 1992. The defendant, William J. Husser filed a second amended answer, special defenses, a six count counterclaim and two count cross claim on June 6, 1995.
The defendant's amended answer includes eleven special defenses, five of which the plaintiff has moved to strike. The fourth, tenth and eleventh special defenses allege that the mortgage deed at issue is void, voidable or unenforceable as to William J. Husser because (1) it was not validly executed in that there was only one witness to his signature, signatures were made outside the presence of the mortgagor and the mortgagor did not witness William Husser's signature (fourth special defense); (2) the agreements were fraudulently made by an individual signing as a witness when that individual did not witness William J. Husser's signature (tenth special defense; and (3) William J. Husser's signature was not acknowledged to be his free act and deed (eleventh special defense).
The plaintiff also moves to strike the fifth special defense on the ground that it fails to allege facts which would give rise to any duty on the part of the plaintiff to advise the defendant of the terms and legal effect of the mortgage document executed by the defendant. As to the eighth special defense, the plaintiff moves to strike it on the ground that this defense fails to allege facts which show that the transaction which is the subject matter of the complaint was a consumer transaction pursuant to § 36-393 of the General Statutes.
In addition, the plaintiff has moved to strike the second, third and fourth counts of the defendant's counterclaim on the following grounds: CT Page 12554-CC
(a) the second count of the defendant's counterclaim fails to allege facts which show that transaction which is the subject of this foreclosure action was a consumer transaction and therefore fails to provide any basis for a claim under General Statutes §36-243a (Unfair Debt Collection Practices Act);
(b) the second count of the defendant's counterclaim fails to allege any conduct on the part of the plaintiff which is prohibited by General Statutes § 36-243a;
(c) the third count of the defendant's counterclaim fails to allege facts which show that the transaction which is the subject of this foreclosure action was a consumer transaction and therefore fails to allege a basis for a claim under General Statutes § 36-393
(Connecticut's Truth In Lending Act);
(d) the fourth count of the defendant's counterclaim fails to allege facts giving rise to a cause of action for emotional distress or in the alternative fails to allege fraudulent misrepresentation or that the defendant failed to plead that he justifiably relied on plaintiff's fraudulent statements.
As required by practice book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak, 175 Conn. 112, 116,394 A.2d 716 (1978).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the CT Page 12554-DD allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.)S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan and King,P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.)Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
"The legal sufficiency of a special defense may be determined by reference to Practice Book § 164. A special defense alleges facts which are consistent with the plaintiff's allegations but which `show, notwithstanding, that he has no cause of action. . . .'"Sterling v. Vesper Corporation dba Penco Products, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 060771 (10 Conn. L. Rptr. 58, August 30, 1993, Pickett, J.), quoting Practice Book § 164. In Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 804 (1992), the court stated that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
I. Fourth, Tenth and Eleventh Special Defenses
The fourth special defense alleges that "[t]he Mortgage Deed and Limited Guaranty of Payment to the Installment Promissory Note entered into between [the plaintiff and defendant William J. Husser] dated October 31, 1991 is void, voidable, or unenforceable as to William J. Husser as the Mortgage Deed was not validly executed as there was only one witness to Defendant William J. Husser's signing of the mortgage, and the other witness' signature was not made in the presence of the mortgagor, nor did it witness the signature of William J. Husser at any time." The tenth special defense alleges that "[t]he Mortgage Deed and Limited Guaranty of Payment to the Installment Promissory Note . . . is void, voidable, or unenforceable as the agreements were fraudulent made by an individual signing as a witness when if fact they did not witness William J. Husser's signature." The eleventh special defense alleges the "[t]he Mortgage Deed and Limited Guaranty of Payment to the Installment Promissory Note . . . is void, voidable, or unenforceable because William J. Husser's signing of said documents was not acknowledged to be his free act and deed." CT Page 12554-EE
The plaintiff has moved to strike each of the above special defenses on the ground that any defect in the witnessing or acknowledgement of the mortgage is cured by Special Act 93-17 §§ 3(a)(1) and 3(a)(3). The defendant, in his memorandum of law in opposition to the motion to strike, argued that each of the above special defenses are not "mere technical defenses regarding the method by which said signatures to the mortgage in issue were witnessed." (Defendant's Memorandum In Support of Objection To Plaintiff's Motion To Strike.) The defendant, argues instead, that the facts alleged in these special defenses give rise to a defense of fraud.
The defendant's argument is, however, unavailing for two reasons. First, as argued by the plaintiff, "because the imperfections in the execution of the deed, if any were cured by the passage of Special Acts, 1993, No. 93-17, which validated deeds otherwise infirm. See Molk v. Micklewright, 151 Conn. 606, 610,201 A.2d 183 (1964)." Lupoli v. Lupoli, 38 Conn. App. 639, 642-43, ___ A.2d ___ (1995). Special Acts, 1993, No. 93-17, § 3, provides in relevant part: "(a) No deed, mortgage . . . or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state and recorded prior to the effective date of this act in the land records of the town in which such real property is located shall be deemed invalid, because any such deed, mortgage . . . or other instrument . . . (1) Was not acknowledged or was improperly acknowledged, or the person taking the acknowledgement did not have the authority to do so, or the authority of the person taking such acknowledgement was not properly stated or authenticated, or the date or place of such acknowledgement is not stated; . . . (3) Was attested by one witness only or by no witnesses. . . ."
Section 10 of the act provides: "This act shall take effect from its passage and shall apply to any defect, omission or irregularity enumerated in this act which occurred on or before January 1, 1993." The mortgage at issue in this case was entered into on October 31, 1991 and is therefore, subject to the Special Act.
Second, the defendant's argument that the fourth, tenth and eleventh special defenses set forth sufficient facts to allege fraud as a defense is unavailing because the defendant has failed to allege any facts giving rise to a cause of action for fraud. Fraud is a valid special defense to a foreclosure action. PetersonCT Page 12554-FFv. Weinstock, 106 Conn. 436, 441-42, 138 A.2d 433 (1927). "The essential elements of an action in common law fraud, . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); Kilduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478
(1991); Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199
(1985)." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539-40, ___ A.2d ___ (1995). The special defenses alleged by the defendant are clearly insufficient in that the elements of fraud have not been set forth in either the fourth, tenth or eleventh special defenses. For this additional reason, the plaintiff's motion to strike the fourth, tenth and eleventh special defense is granted.
II. Fifth Special Defense
The defendant's fifth special alleges that "[t]he Mortgage Deed and Limited Guaranty of Payment to the Installment Promissory Note . . . is void, voidable, or unenforceable as to William J. Husser as the Plaintiff breached its duty to act in good faith and deal fairly with the Defendant William J. Husser in that they failed to explain the terms of the Limited Guaranty of Payment and Mortgage Deed to him, and that the Plaintiff, it's employees, agents, representatives or legal counsel participated in a scheme of artifice which they new or should have known to be fraudulent. In particular, they failed to advise the Defendant of the terms of the mortgage, the risks involved, the status thereon or his exposure to, when they knew or should have known that he did not know or appreciate the dangers as aforesaid."
The defendant has moved to strike this special defense on the ground that it fails to allege facts which would create a duty in the plaintiff to explain the agreement to the defendant or to advise the defendant concerning the mortgage transaction. The plaintiff argues that the fifth special defense "implies in its claim a plea for reformation of the contract." (Defendant's Memorandum In Support of His Objection To The Plaintiff's Motion To Strike.)
The defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." Hans L.Levi, Inc. v. Kovacs, Superior Court, judicial district of CT Page 12554-GG Litchfield at Litchfield, Docket No. 056101 (5 Conn. L. Rptr. 260, 261, November 4, 1991, Pickett, J.); First Federal v. Kakaletris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130826 (11 Conn. L. Rptr. 113, February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No., 130109 (9 CSCR 216, January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v.Kerzner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036379 (8 Conn. L. Rptr. 229, January 15, 1993, Curran, J.). In some cases however, "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182
(1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. See Fleet Bank v.Barlas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (12 Conn. L. Rptr. 32, June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517276 (9 CSCR 472, April 7, 1994, Aurigemma, J.); First Federalv. Kakaletris, supra, 11 Conn. L. Rptr. 113; National Mortgage Co.v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (9 CSCR 300, February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra, 9 CSCR 216; Citicorp Mortgage,Inc. v. Kerzner, supra, 8 Conn. L. Rptr. 229.
Equitable special defenses are permitted, but they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."National Mortgage Co. v. McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id. 300-01.
In regard to the fifth special defense, the defendant alleges that the plaintiff breached its duty to act in good faith and fair dealing by failing to explain the terms of the Limited Guaranty of Payment and Mortgage Deed to the defendant. These allegations do CT Page 12554-HH not address the making, validity or enforcement of the note.
The special defense is also insufficient as a matter of law because it alleges silence by the bank and not that the bank made any statement or representation. One cannot infer a duty on the party of the bank to disclose information to the defendant through any fiduciary relationship or otherwise. The court, in Bank ofBoston Connecticut v. Security Group, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 105564 (7 Conn. Law Rptr. 310, August 28, 1992, Kulawiz, J.), found that the bank was under no duty to explain the consequences of a guarantee agreement to the guarantor. "The general rule is that when a person of mature years who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it, and notice of its contents will be imputed to him if he negligently fails to do so." Id., quoting G R Tire Distributors,Inc. v. Allstate Ins. Co., 177 Conn. 58, 62, 411 A.2d 31 (1979). Fraud, however, is an exception to the above general rule. The defendant, however, has not alleged that the plaintiff somehow misrepresented the documents at issue, the defendant alleges only that the plaintiff failed to advise him of the terms of the mortgage, the risks involved, the status thereon or his exposure to, when they knew or should have known that he did not know or appreciate the dangers."
In addition, the allegations set forth in the fifth special defense are legally insufficient in that they do not imply the defense of reformation as argued by the defendant. "Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . . [R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." (Citations omitted.) Harlach v. Metropolitan Property LiabilityInsurance, 221 Conn. 185, 190-91, 602 A.2d 1007 (1992).
While the defendant's allegations may be sufficient to show inequitable conduct, the allegation neither implicitly nor explicitly state a cause of action in reformation. As previously stated, in ruling on a motion to strike, the court is limited to the facts alleged in the complaint, Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988), and must CT Page 12554-II construe those facts in the manner most favorable to the pleader.Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). Facts necessarily implied and fairly provable are included. Norwich v.Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986). Reformation is not stated nor implied in the fifth special defense. This court would not have been able to determine that a defense of reformation was being stated if the defendant had not so stated in its memorandum in opposition to the motion to strike. For the foregoing reasons, the motion to strike the fifth special defense is granted.
III. Eighth Special Defense
The eighth special defense states: "The Mortgage Deed and Limited Guaranty of Payment to the Installment Promissory Note entered into between [the parties] . . . is void, voidable, or unenforceable because the provisions of said documents violate the provisions of the Truth-In-Lending Act, Connecticut General Statutes § 36-393 et seq."
The plaintiff has moved to strike this special defense on the ground that the defendant failed to allege facts which show that the transaction at issue was a consumer transaction. The defendant did not present argument on this issue in his memorandum in opposition to the motion to strike.
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.) Novametrix MedicalSystems v. BOC Group, Inc., supra, 224 Conn. 215. The eighth special defense is devoid of any factual allegations and is merely conclusory. The motion to strike the eighth special defense is therefore granted.
Additionally, "a special defense alleging that a plaintiff CT Page 12554-JJ mortgagee is required to provide disclosure pursuant to the federal Truth-in-Lending Act does not comport with Practice Book, Sec. 164 for it fails to show that the plaintiff has no cause of action. SeeBank of New Haven v. Liner, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. CV91 0345165 (April 2, 1993, Curran, J.)." Beneficial Mortgage Co. v. Brassington, Superior Court, judicial district of Danbury at Danbury, Docket No. 318933 (1 Conn. Ops. 783, 784, June 19, 1995, Stodolink, J.).
IV. Second Count of the Defendant's Counterclaim
The second count of the defendant's counterclaim attempts to set forth a cause of action for violation of Connecticut's Creditors' Collection Practices Act, Connecticut General Statutes § 36a-645 et seq, formerly § 36-243a et seq. The allegations of the second count state that the plaintiff was a person as defined by the act and was engaged in collecting a debt or attempting to collect a debt. The second count of the counterclaim further alleges that the plaintiff engaged in abusive, harrassive, fraudulent, and deceptive practices or conduct in several specific ways including obtaining the defendant's signature by fraud and various misrepresentations.
In its memorandum in support of the motion to strike the plaintiff argues that the motion to strike this count should be granted because the allegations do not allege a transaction in which the plaintiff extended credit for personal, family or household purposes. The plaintiff additionally argues that the allegations of the second count of the counterclaim fail to allege any acts prohibited by General Statutes 36a-646, formerly 36-243b. The defendant has not filed any opposition to this portion of the motion to strike.
The Connecticut Creditors' Collection Practices Act, Connecticut General Statutes § 36a-645, formerly § 36-243a et seq., (the "Act"), consists of three sections: 36a-645, formerly 36-243a, which contains definitions; 36a-646, formerly 36-243b, which states that, "No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt"; and 36-647, formerly 36-243c, which describes the powers of the state banking Commissioner to enforce the Act.
As to the plaintiff's argument that the counterclaim does not set forth facts in violation of General Statutes 36a-646, formerly CT Page 12554-KK 36-243b, this provision of the act provides that "[n]o creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, devise or practice to collect or attempt to collect any debt." The pertinent allegations of the second count of the counterclaim are as follows:
 "3. AB Small Business, its agents, representatives, or employees have engaged in abusive, harassing, fraudulent, deceptive practices or devises in collecting or attempting to collect a debt in violation of C.G.S. 36-243 in one or more of the following ways:
 a. representing to William J. Husser that he was guaranteeing a note for $10,000.00 rather than $125,000;
 b. representing to William J. Husser that there was not danger of him losing his house, which was the collateral for the guarantee . . .;
 c. inducing him to sign the mortgage deed through fraudulent representations;
 d. procuring his signature on the mortgage deed through fraud;
 e. conspiring with Thomas Husser to foreclose his interest in the property . . .; and
 f. initiating a foreclosure action against his interest in property . . . when it knew or should have known that its mortgage Deed and Limited Guaranty of Payment were void and unenforceable."
The facts asserted in the second count of the counterclaim, specifically those contained in paragraph 3 subsections (a) through (d), inclusive, allege activities and conduct that occurred in connection with obtaining the mortgage at issue in this case. These facts do not allege any "abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt" as required by the statute. Paragraph 3 subsections (e) and (f) are merely conclusory. The motion to strike the second count of the counterclaim is granted on the ground that the defendant has failed to allege facts sufficient to set forth a cause of action for unfair debt collect. CT Page 12554-LL
Because the court decides this issue on the above ground, it does not consider the plaintiff's alternative argument, that the complaint must allege that the transactions at issue involve a "consumer debt."
V. Third Count of Defendant's Counterclaim
The third count of the defendant's counterclaim sets forth claims alleging violation the provisions of the Truth-In-Lending Act, Connecticut General Statutes § 36-393[1] et seq. The defendant claims that the plaintiff violated the act by failing to disclose the true amount of the mortgage deed and failing to disclose that the defendant "was guaranteeing to the value of his interest in [the subject property] the repayment of the installment Promissory Note entered into between Thomas Husser and AB Small Business."
The plaintiff has moved to strike this count on the ground that the defendant has failed to allege that the transaction in question is a consumer transaction. The defendant's memorandum in opposition to the motion to strike did not address this issue.
Section 36a-676 of the General Statutes sets forth the definition of terms used in the act with subsection (a)(1) setting forth the definition of consumer as that being defined in 15 U.S.C. § 1602. The adjective `consumer', used with reference to a credit transaction, characterizes the transaction as one in which "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes." 15 U.S.C. § 1602(h).
Whether the transaction at issue was a "commercial" transaction or a "consumer" transaction presents a question of fact which is more properly addressed by a motion for summary judgment. For this reason, the motion to strike the fourth count of the counterclaim is denied.
VI. Fourth Count of Defendant's Counterclaim
The defendant has attempted to allege a claim of unintentional infliction of emotional distress in the fourth count of the counterclaim. The plaintiff has moved to strike this count on the grounds that (a) the defendant has failed to plead that the plaintiff should have realized that its conduct involved an CT Page 12554-MM unreasonable risk of causing emotional distress and that such distress, if it were caused, might result in illness or bodily harm; (b) the defendant failed to plead that the plaintiff misrepresented any present fact; and (c) that the defendant failed to plead that he was damaged as a result of any justifiable reliance on the allegedly misrepresented facts. The defendant argued that sufficient facts were pled because he alleged that the plaintiff breached their duty to him by negligently and intentionally misrepresenting the transaction and that the plaintiff's fraudulent actions were formulated by the plaintiff in reckless disregard of the probability of severe emotional distress. The defendant also argued that the has pled misrepresentation of an existing fact because the plaintiff told the defendant, at the time the mortgage agreement was transacted, that he would never be in danger of losing his property and that justifiable reliance must be proven but not necessarily alleged.
The Connecticut Supreme Court has allowed recovery for unintentionally caused emotional distress in the context of fraud actions, Kilduff v. Adams. Inc., 219 Conn. 314, 324-26,593 A.2d 478 (1991); actions brought pursuant to Conn. Gen. Stat. 31-290a(b) (wrongful discharge), Ford v. Blue Cross Blue Shield ofConnecticut, Inc., 216 Conn. 40, 62-63, 578 A.2d 1054 (1990); where the defendant failed to enable the plaintiff to continue insurance coverage, Buckman v. People Express. Inc., 205 Conn. 166, 173-74,530 A.2d 596 (1987); and where there was unreasonable conduct of an employer in discharging an employee, Montinieri v. Southern NewEngland Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978).
In Bertozzi v. McCarthy, 164 Conn. 463, 469, 323 A.2d 553
(1973), the court, in analyzing whether one may recover for emotional distress, stated: "the test would be whether the plaintiff intentionally and unreasonably subjected the defendants to emotional distress which he should have recognized as likely to result in illness or other bodily harm. If the plaintiff did not intend to cause emotional distress, he is liable in damages only if he should have realized that his conduct involved an unreasonable risk of causing the distress and from the facts known to him should have realized that the distress, if it were caused might result in illness or bodily harm . . . it was nowhere alleged, much less proved . . . that the plaintiff either intentionally subjected the defendants to any sort of distress or unreasonably created a risk of distress or should reasonably have foreseen that it might result from any action on his part." CT Page 12554-NN
Defendant alleges in the counterclaim that "[a]s a direct and proximate result of the carelessness and negligence of AB Small Business, the Plaintiff [Defendant on the counterclaim] has suffered and may continue to suffer severe emotional distress, including. . . ." Defendant also alleges in the counterclaim that the plaintiff negligent or carelessly breached its duty to the plaintiff to act in a reasonable manner with due regard for [the defendant's] health and safety" and alleges specifics facts as to how this breach occurred. Further the defendant alleged that the conduct of the plaintiff was "intended and/or formed in reckless disregard of the probability of severe emotional distress resulting to [the defendant]." The defendant, therefore, has alleged all that is necessary for a cause of action for emotional distress based on fraud. The language of the counterclaim is such that it alleges, at least implicitly, that plaintiff should reasonably have foreseen that distress might result from plaintiff's actions because it states in paragraph 3 of the fourth count that the conduct was formed in "reckless disregard for the probability of severe emotional distress resulting to William J. Husser."
As to the plaintiff's arguments that the defendant has not alleged the misrepresentation of any present and existing fact, the plaintiff alleged acts of misrepresentation at the time of the transaction when the plaintiff allegedly misrepresented the amount of the note secured by the limited guarantee and that the defendant was in no danger of losing his home through foreclosure. "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,384, 650 A.2d 153 (1994).
The plaintiff's final argument in support of the motion to strike this count of the counterclaim, is that the defendant [plaintiff on the counterclaim] failed to plead justifiable reliance. This argument is unavailing as the fourth count is a claim for negligent infliction of emotional distress based on fraud. The plaintiff argued that the case of City Trust Co. v.Jennings, 158 Conn. 173, 258 A.2d 86 (1969), was controlling and stands for the proposition that "in an action based upon a false or fraudulent representation that the person claiming relief must establish not only that a false or fraudulent representation was made, but also that he believed the statement to be true and in fact relied upon it." (Plaintiff's memorandum of law in support of motion to strike, p. 18). The plaintiff is indeed correct in it's CT Page 12554-OO assertion that City Trust Co. v. Jennings, supra, 158 Conn. 173, stands for this proposition, and in fact, the plaintiff should have used quotation marks as the language it cites for this proposition is a direct quote from the case at page 178. However, the case has no application to the facts alleged in the fourth count of the counterclaim as the fourth count is not a claim for false or fraudulent representation but is instead a claim for emotional distress based on fraud.
For the foregoing reasons, the motion to strike the fourth count of the counterclaim is denied.
In summary, the motion to strike the fourth, fifth, eighth, tenth and eleventh special defenses and the second count of the counterclaim is granted. The motion to strike the third and fourth count of the counterclaim is denied.
PICKETT, J.