SOPHIE LUPOLI *v.* GALE S. LUPOLI ET AL.
(14092)

O'CONNELL, FOTI and HEIMAN, Js.

Argued May 26—decision released August 1, 1995

*Kenneth A. Votre,* for the appellant (named defendant).

*Susan E. Nugent,* for the appellee (plaintiff).

O'CONNELL, J. The defendant Gale Lupoli[1] appeals from the judgment of foreclosure and the denial of her

---

[1] The defendant Gale Lupoli is the owner of the equity of redemption. Numerous subsequent encumbrancers are also named as defendants, but,

motion to open and set aside the judgment. The defendant claims (1) that the trial court improperly sustained the plaintiff's objections to the defendant's proffered testimony relating to threats made against her during her purported execution of the mortgage note and deed, (2) that that court failed to find that the mortgage being foreclosed was invalid because it lacked two witnesses, and (3) that the court's factual conclusions were not supported by the evidence.[2] We affirm the judgment of the trial court.[3]

The record discloses the following facts. The instruments in question were executed on December 3, 1982. At that time, the defendant was married to Carl J. Lupoli, the plaintiff's son. The defendant and her former husband both signed the mortgage note, but, because the real estate was solely in the defendant's name, she alone signed the mortgage deed. The note was originally payable to the plaintiff and her late husband and is now owned solely by the surviving plaintiff. The mortgage deed was properly recorded on the Hamden land records. The defendant's marriage to the plaintiff's son was dissolved on December 4, 1991, and the defendant retained the property as her home.

The plaintiff commenced this action on January 27, 1993.[4] Judgment of strict foreclosure was rendered on

because they are not involved in this appeal, we will use the term defendant to mean Gale Lupoli only.

[2] At oral argument, the defendant withdrew a fourth claim pertaining to recusal of the trial court.

[3] The trial court's judgment was also in favor of the plaintiff on a counterclaim in which the defendant sought to have the mortgage note and deed declared null and void because of illegality. The defendant did not challenge that portion of the judgment.

[4] On July 14, 1994, the defendant filed a third party complaint against her former husband. In her third party complaint, the defendant seeks indemnification from her former husband for any losses that she may suffer as a result of this foreclosure. The third party complaint has not yet gone to judgment and is, accordingly, not part of this appeal.

July 27, 1994, at which time the trial court found the mortgage debt to be $110,431.32 and established law days.

## I

In her first claim, the defendant argues that the trial court improperly excluded evidence that she proffered for the purpose of establishing that threats were made to her during the period that she was alleged to have executed the note and deed. She contends that those threats affected her mental state so that she has no recollection of executing the mortgage deed.

In an effort to prove her special defense of duress, the defendant's counsel made repeated attempts to elicit testimony from her concerning threats made to her by both Carl Lupoli and Lawrence Lupoli during the note signing process. The trial court ruled that the questions were inadmissible hearsay.

An out-of-court statement offered in court for its truth is inadmissible hearsay. *State* v. *Packard*, 184 Conn. 258, 275, 439 A.2d 983 (1981). However, "[o]ut-of-court statements to a person are admissible to show his state of mind where his mental state is relevant." *State* v. *Jones*, 205 Conn. 723, 731, 535 A.2d 808 (1988). "A person's state of mind can be shown from what he heard as well as from what he saw, even though what he heard would be normally classified as hearsay. . . . The evidence [concerning a third party's statement to the witness] was admissible not to establish the truth of the facts asserted but to show what was in the defendant's mind in testing the reasonableness of his belief . . . ." (Internal quotation marks omitted.) Id.

Despite its ruling on the hearsay issue, however, the court did hear testimony that the defendant had been threatened by her father-in-law, that she was afraid

that she and her children would be put out of their home, and that she was afraid that her former husband would beat her. Therefore, although the out-of-court statements were admissible here, we conclude that, because the defendant was able to introduce other evidence supporting her contention of duress, their restriction was harmless. The exclusion of evidence of facts that are established by other evidence is not ground for reversal. *Connecticut Bank & Trust Co.* v. *Hurlbutt*, 157 Conn. 315, 322, 254 A.2d 460 (1968); see *Coble* v. *Maloney*, 34 Conn. App. 655, 669, 643 A.2d 277 (1994).

## II

The defendant next claims that the trial court should have found that the mortgage deed being foreclosed was invalid because it lacked two witnesses. General Statutes § 47-5 (a) requires that mortgage deeds be attested by two witnesses. The defendant claimed that she did not recall executing the mortgage deed and did not know that it existed until the commencement of this foreclosure proceeding. She argues further that, if she in fact signed the mortgage deed at the same time that she signed the mortgage note, the requisite witnesses were not in the room and thus could not possibly have attested the mortgage deed.

The mortgage deed, however, bears the signatures of two witnesses, one of whom was the attorney who took the plaintiff's acknowledgment and signed the deed in that capacity also. The defendant admits that the attorney was present in the room and could possibly have attested the deed but denies that the second person whose name appears as a witness was present.[5] This argument is unavailing, however, because the imperfections in the execution of the deed, if any were cured by the passage of Special Acts 1993, No. 93-17,[6]

---

[5] The attorney was not called as a witness.

[6] Special Acts 1993, No. 93-17, § 3, provides in relevant part: "(a) No deed, mortgage . . . or other instrument made for the purpose of con-

which validated deeds otherwise infirm. See *Molk* v. *Micklewright*, 151 Conn. 606, 610, 201 A.2d 183 (1964).

## III

The defendant's final claim is that the factual conclusions of the trial court were not supported by the evidence. It is, of course, the role of the trial court as fact finder to judge the credibility of the witnesses, to weigh the evidence and to draw logical inferences and conclusions from the facts proven. *Talton·*v. *Warden*, 33 Conn. App. 171, 179, 634 A.2d 912 (1993), aff'd, 231 Conn. 274, 648 A.2d 876 (1994). We afford the finder of fact broad discretion, and will not reverse on appeal unless its findings are clearly erroneous. *Groton* v. *Yankee Gas Services Co.*, 224 Conn. 675, 691, 620 A.2d 771 (1993). Having studied the record, transcripts and briefs, we do not agree with the defendant's contention that there was insufficient evidence to support the court's factual conclusions.

The judgment is affirmed.

In this opinion the other judges concurred.