STATE OF CONNECTICUT *v.* ALBERT STEPHENS
(SC 15705)

Callahan, C. J., and Norcott, Katz, Palmer and McDonald, Js.

Argued April 23—officially released June 15, 1999

*Mark Rademacher*, assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth*, assistant state's attorney, with whom were *Dennis O'Connor*, assistant state's attorney, and, on the brief, *James E. Thomas*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Albert Stephens, appeals from a judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a).[1] We affirm the judgment.

In brief, the jury reasonably could have found the following facts. At approximately 11:15 p.m. on April 30, 1993, the defendant became involved in a heated argument with the victim, Bernie Countryman, outside of the City's Edge nightclub in Hartford. Both the victim and the defendant were armed with handguns. At some point during the argument, the defendant killed the victim by shooting him in the back of the head. The defendant then fled the scene in a white Honda and subsequently traveled to Philadelphia, where he lived using an assumed name for two years.

On appeal,[2] the defendant claims that the trial court improperly: (1) omitted the factual commentary contained in its oral charge to the jury from the written instructions it provided to the jury for its use during

---

[1] General Statutes § 53a-54a provides in relevant part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . .

"(c) Murder is punishable as a class A felony . . . ."

[2] The defendant appealed directly to this court pursuant to General Statutes § 51-199 (b), which provides in relevant part: "The following matters shall be taken directly to the Supreme Court . . . (3) an appeal in any criminal action involving a conviction for a capital felony, class A felony, or other felony, including any persistent offender status, for which the maximum sentence which may be imposed exceeds twenty years . . . ."

deliberations; and (2) instructed the jury on the concept of reasonable doubt. Although the defendant concedes that neither of his claims was preserved properly at trial, he maintains that both are reviewable under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), or alternatively, that his first claim is reviewable pursuant to the doctrine of plain error. See Practice Book § 60-5.

Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that neither of the defendant's claims is reviewable under *Golding*. Specifically, in *State* v. *Golding*, supra, 213 Conn. 239–40, we concluded that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) Id., 239–40. In the present case, the defendant has failed to meet the second prong of *Golding* because his claims of instructional impropriety are not of constitutional magnitude. "Just as every claim of evidentiary error by the trial court is not truly constitutional in nature . . . every claim of instructional error is not truly constitutional in nature. . . . Indeed, it would trivialize the constitution to transmute a nonconstitutional claim into a constitutional claim simply because of the label placed on it by a party or because of a strained connection between it and a fundamental

constitutional right." (Citation omitted; internal quotation marks omitted.) *State* v. *Hines*, 243 Conn. 796, 817, 709 A.2d 522 (1998), quoting *State* v. *Dash*, 242 Conn, 143, 151–52, 698 A.2d 297 (1997).

As to the defendant's claim of plain error, Practice Book § 60-5 provides in relevant part: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ." We consistently have stated that review under the plain error doctrine " 'is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *State* v. *King*, 216 Conn. 585, 591, 583 A.2d 896 (1990); *State* v. *Miller*, 202 Conn. 463, 483, 522 A.2d 249 (1987); *State* v. *Hinkley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985). The defendant's first claim simply does not meet that standard. There is no plain error as to the defendant's first claim.

The judgment is affirmed.