## THOMAS MCNEFF ET AL. *v.* VINCO, INC., ET AL.
### (AC 19256)

Spear, Pellegrino and Peters, Js.

Argued June 9—officially released September 5, 2000

*Ruth Beardsley,* for the appellant (named defendant-third party plaintiff).

*Kenneth J. Mulvey, Jr.,* for the appellee (third party defendant).

*Opinion*

PELLEGRINO, J. The third party plaintiff, Vinco, Inc. (Vinco), appeals from the judgment rendered in favor of the third party defendant, Hilton Mechanical Contractors, Inc. (Hilton), in a claim arising from a work-related injury. Vinco claims that the trial court improperly (1) sustained objections to certain exhibits, (2) directed a verdict in favor of Hilton and (3) denied its motion to set aside the verdict in favor of Hilton. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In December, 1991, Thomas McNeff, an employee of Hilton, suffered personal injuries when he fell at a construction site known as the Norwalk Community College project (project). Vinco was the project's general contractor and Hilton was a mechanical subcontractor.

The accident occurred as McNeff exited a mechanical platform located at the project. Hilton had installed some equipment on the platform, which McNeff was working on prior to the accident, but Hilton did not design or construct the platform itself, nor did it construct walls on the platform.

The plaintiffs, McNeff and his wife, subsequently filed an action against the defendants, Vinco, Ames and Whitaker, P.C. (Ames), the architect of the project, and

Turner Construction Company (Turner), the project's construction manager, claiming that their negligence proximately caused the accident. Hilton filed an intervening complaint, seeking to recover workers' compensation payments made to its employee, McNeff. Vinco filed a third party complaint against Hilton claiming that Hilton did not properly supervise the work done and the equipment used by its employees and that, under its subcontract, Hilton was responsible for indemnifying Vinco. Ames filed a counterclaim against Hilton for indemnification.[1]

On December 2, 1998, the trial court granted Hilton's motion for a directed verdict on Vinco's claim for indemnification. The plaintiffs obtained a judgment against Vinco following a jury trial.

Vinco filed a motion to set aside the verdict against it, which was denied by the trial court. The present appeal concerns only the directed verdict in favor of Hilton on Vinco's third party complaint. Additional facts will be discussed where relevant to the issues on appeal.

I

Vinco claims first that the trial court improperly sustained objections, on relevancy grounds, by Hilton and the plaintiffs to certain of Vinco's business records. We disagree.

The following additional facts are relevant to these claims. Prior to the accident, McNeff complained orally to Hilton that the working conditions on the platform were unsafe, and Hilton agreed that the ingress to and egress from the platform were dangerous. The exhibits Vinco sought to introduce concerned written com-

---

[1] The jury returned a verdict in favor of Turner and in favor of the plaintiffs against Vinco and Ames. The trial court also directed the verdict in favor of Hilton on Ames' counterclaim. The plaintiffs thereafter withdrew the action as against Ames.

plaints made by a subcontractor, C & H Electric, Inc. (C & H), to Vinco, concerning unsafe conditions at the construction project. C & H was not a party to this litigation, and none of the conditions complained of concerned the area at issue here. Vinco claims, nevertheless, that the exhibits were relevant because they demonstrated how Hilton could have complained more effectively about the unsafe conditions on the platform.

Our standard of review regarding challenges to a trial court's evidentiary rulings is that "[t]he trial court has broad discretion in ruling on the admissibility of evidence. . . . The determination of the relevancy and remoteness of evidence is within the sound discretion of the trial court. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Rivera*, 56 Conn. App. 182, 188, 742 A.2d 387 (1999), cert. denied. 252 Conn. 927, 746 A.2d 791 (2000). "Sound discretion . . . means a discretion that is not exercised arbitrarily or wilfully . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *Wright* v. *Hutt*, 50 Conn. App. 439, 445, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998). "In considering the relevancy of evidence, we ask whether it tends to establish the existence of a material fact or to corroborate other direct evidence in the case." (Internal quotation marks omitted.) *Denley* v. *Denley*, 38 Conn. App. 349, 352, 661 A.2d 628 (1995). "[T]he admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved." (Internal quotation marks omitted.) *State*

v. *Dwyer*, 59 Conn. App. 207, 212–13, 757 A.2d 597 (2000). If the evidentiary ruling is not of constitutional dimension, "an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." (Internal quotation marks omitted.) *State* v. *Orhan*, 52 Conn. App. 231, 238, 726 A.2d 629 (1999).

With these standards in mind, we review the evidence that Vinco sought to have admitted. Applying these principles to the present case, we conclude that the trial court did not abuse its discretion in excluding Vinco's exhibits as irrelevant. C & H was not a party to this litigation, the complaints did not concern the subject matter of this litigation, and Vinco offered no evidence regarding any action taken by it in response to the complaints. In excluding these exhibits, the court stated that it was doing so because they were not relevant to the claimed defects. We can not say that the court abused its discretion in excluding this evidence.

## II

Vinco claims next that the trial court improperly directed a verdict in favor of Hilton and improperly denied Vinco's motion to set aside that verdict. Vinco argues that, viewing the evidence in a light most favorable to Vinco, the jury could have found that Hilton was negligent and that this negligence proximately caused McNeff's injuries. We do not agree.

"The rules controlling appellate review of a directed verdict are well settled. Directed verdicts are not generally favored. A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. . . . A verdict may be directed

where the decisive question is one of law or where the claim is that there is insufficient evidence to sustain a favorable verdict." (Citation omitted; internal quotation marks omitted.) *Morales* v. *Pentec, Inc.*, 57 Conn. App. 419, 425, 749 A.2d 47 (2000).

Considering the evidence here in the light most favorable to Vinco, we conclude that there was no conflicting evidence warranting full consideration by a jury. Vinco's claim against Hilton was based on the subcontract between Vinco and Hilton that provided in relevant part: "[Hilton] shall indemnify . . . [Vinco] from and against all claims . . . arising out of or resulting from the performance of [Hilton's] work . . . to the extent caused in whole or in part by any negligent act or omission of [Hilton] . . . ." As we discussed previously, the accident at issue occurred when McNeff fell as he was leaving the platform. Hilton neither designed nor constructed the platform or its ingress and egress. The only connection between Hilton and the platform was equipment it had placed on the platform and work it had performed while on the platform. No evidence was introduced establishing that Hilton's equipment or work contributed to the accident in any way.

Under the terms of the indemnification clause, Hilton would be liable only if there was a causal connection between the work that it had contracted to perform and the injury sustained. There is no language in this clause that could be interpreted as providing indemnification for any claim beyond one resulting from Hilton's work. Compare *Cirrito* v. *Turner Construction Co.*, 189 Conn. 701, 705, 458 A.2d 678 (1983) (viewing indemnity clause as containing language similar to Workers' Compensation Act, General Statutes § 31-275 et seq.). Vinco did not offer any evidence establishing that McNeff's injuries "result[ed] from the performance of [Hilton's] work."

704

Vinco claims, nevertheless, that the jury should have been allowed to consider Hilton's failure to pressure Vinco into correcting the safety defects of which Hilton was aware. The defects at issue, however, were not related to the "performance of [Hilton's] work . . . ." Hilton had no duty under the contract to inform Vinco of defects in any work performed by other subcontractors. Accordingly, Hilton was not in breach of contract in this respect and, therefore, Vinco would not be able to obtain a verdict in its favor based on the contract. The trial court, therefore, properly concluded that a jury reasonably could not have returned a verdict for Vinco against Hilton and properly directed a verdict in favor of Hilton. Since we agree that the trial court properly granted the directed verdict in favor of Hilton, we conclude, for the same reasons, that it did not improperly deny Vinco's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.