## DAVID JOHNSON ET AL. *v.* TOWN OF NORTH BRANFORD ET AL.
### (AC 19891)

Foti, Flynn and Dupont, Js.

Argued February 15—officially released July 31, 2001

*Barry N. Silver*, for the appellants (plaintiffs).

*Stephen J. Courtney*, for the appellee (named defendant).

### Opinion

FLYNN, J. The plaintiffs, David Johnson and Eileen Johnson, appeal from the judgment of the trial court

rendered after the court directed the verdict in favor of the defendant town of North Branford (town). On appeal, the plaintiffs argue that the court improperly determined that the applicable statutes of limitation barred their common-law negligence and nuisance claims and their statutory claim under General Statutes § 13a-138.[1] We affirm the judgment of the trial court.

The plaintiffs commenced the present action against the town by service of process on July 14, 1994. At trial, following the plaintiffs' case-in-chief, the town filed a motion for a directed verdict, in part, on the ground that the applicable statutes of limitation barred the plaintiffs' claims.[2] The town argued that General Statutes § 52-584[3] barred the plaintiffs' common-law negligence claim, that General Statutes §§ 52-577[4] and 52-584 barred the plaintiffs' common-law nuisance claim, and

[1] General Statutes § 13a-138 provides: "(a) Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water and, when it is necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land.

"(b) Nothing in this section shall be so construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and enclosures used exclusively for the storage and sale of goods and merchandise."

[2] The town also claimed that a municipality could not be liable for common-law negligence or nuisance, but the court did not base its decision on that ground.

[3] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury . . . to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

[4] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." See Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996) (" '[s]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs' ").

that General Statutes § 13a-138a[5] barred the statutory claim against the town. The court denied the motion on April 28, 1999. At the close of evidence, the town renewed its motion for a directed verdict, which the court again denied. The court reconsidered the matter sua sponte, however, and granted the town's motion for a directed verdict the following day. The court reasoned in an oral decision[6] that "the statute requires that . . . the action be brought within a period of time, and in this case it was not brought within that period of time prescribed by the statute. And I found nothing sufficient enough for me to change my mind with regard to having the statute extended by some—some outside circumstances." Thereafter, on May 10, 1999, the plaintiffs filed a motion to set aside the verdict, which the court denied on July 23, 1999. This appeal followed.

"The rules controlling appellate review of a directed verdict are well settled. Directed verdicts are not generally favored. A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. . . . A verdict may be directed where the decisive question is one of law or where the

---

[5] General Statutes § 13a-138a provides: "Limitation on actions for drainage damage. No action shall be brought by the owner of land adjoining a public highway, or of any interest in such land, for recovery of damage to such property or interest by reason of any draining of water into or through such land by any town, city, borough or other political subdivision of the state pursuant to subsection (a) of section 13a-138, but within fifteen years next after the first occurrence of such drainage, except that if such drainage first occurred prior to October 1, 1981, no such action shall be brought after October 1, 1986."

[6] Pursuant to Practice Book § 64-1, the court's oral decision was transcribed and signed by the judge. The court also signed the transcript of the oral decision of its denial of the plaintiffs' motion to set aside the directed verdict.

claim is that there is insufficient evidence to sustain a favorable verdict." (Internal quotation marks omitted.) *McNeff* v. *Vinco, Inc.*, 59 Conn. App. 698, 702–703, 757 A.2d 685 (2000).

Considering the evidence in the light most favorable to the plaintiffs, the following facts are relevant to this appeal. The plaintiffs purchased their home at 39 Hummingbird Drive in the Northford section of the town of North Branford in 1988. The property consists of a dwelling, which was built in 1984, and a detached garage, a shed, an above ground swimming pool and an outdoor dog run, all of which are situated behind the dwelling.

In 1990, the plaintiffs experienced serious flooding problems on their property following extremely heavy rainstorms. During storms in 1990, 1992, 1996, 1998 and 1999, the plaintiffs' property suffered flooding and damage caused by water runoff and debris washing down from their neighbor's property at 43 Hummingbird Drive. The runoff originates, however, further up Totoket Mountain on which Hummingbird Drive is located. It then travels down Skylark Drive, which is located upstream from Hummingbird Drive, and is collected in a catch basin on Skylark. From there, the runoff travels through the backyard of a Skylark Drive property to a swale[7] located in the backyard of the neighbor's property, and then onto and through the plaintiffs' backyard.

In either 1969 or 1970, the town filled in the swale on the neighbor's property with riprap[8] at the request of Florence. Taylor, the then owner of the property. That resulted in diverting water runoff away from the

---

[7] A swale is an area of land that is graded, thereby creating a lower area or channel through which water can flow. In appearance, a swale is similar to a brook or a stream.

[8] Riprap consists of large stones or chunks of concrete that are layered on an embankment slope to prevent erosion. Merriam-Webster's Collegiate Dictionary (10th Ed. 1998).

neighbor's property and onto 39 Hummingbird Drive, which at the time was an unimproved lot. The real property at 39 Hummingbird Drive remained an unimproved wooded lot until the original owner of the lot commenced building a dwelling thereon in 1983.

In 1990, when the plaintiffs first experienced heavy flooding in their backyard, they contacted the town for assistance. Kurt Weiss, the town engineer, visited the plaintiffs' property and surveyed the problem. In a letter dated January 24, 1991, Weiss explained that the proposed construction plan for 39 Hummingbird Drive, which the builder had submitted to the town in 1983, included a grading plan. The letter provided in part: "Included in the grading plan . . . were plans to reconstruct the existing swale across your property to confine the drainage to the swale. The swale, as constructed, is not well defined and appears to be insufficient during times of heavy run-off." Weiss further explained that the town was not responsible for improving the drainage swale through the plaintiffs' property because it was the responsibility of the developer and subsequent property owners to maintain the flow of water through the property. Weiss did offer, however, to provide some riprap that the plaintiffs could install at the upstream property line to minimize any future erosion to their property. Notwithstanding the installation of the riprap and other remedial measures taken by the plaintiffs at their own expense, the flooding and resulting damage to the plaintiffs' property have continued.

We first address the plaintiffs' claim that the court improperly determined that the statute of limitations contained in § 52-584 barred their common-law negligence[9]

---

[9] We review the court's decision with respect to the plaintiffs' negligence claim to the extent that the plaintiffs did not concede the issue at trial. At oral argument on the plaintiffs' motion to set aside the verdict, counsel for the plaintiffs stated in relevant part: "I think Your Honor has framed the issue with respect to my negligence claim correctly. I think what I would bring to the court's attention is that in addition to my negligence claim, there is a statutory claim, and I cited [§] 13a-138."

and nuisance claims against the town.[10]

"General Statutes § 52-584 is the statute of limitations applicable in an action to recover damages for injury to the person or property caused by negligence . . . . That statute imposes two specific time requirements on prospective plaintiffs. The first requires a plaintiff to bring an action 'within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . .' The second provides that in no event shall a plaintiff bring an action 'more than three years from the date of the act or omission complained of . . . .' The statutory clock on this three year time limit begins running when the negligent conduct of the defendant occurs. *McDonald* v. *Haynes Medical Laboratory, Inc.*, 192 Conn. 327, 330, 471 A.2d 646 (1984). Consequently, an action may be time barred even if no injury is sustained during the three years following a defendant's act or omission. Id.; see also *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 127 A.2d 814 (1956)." *Nardi* v. *AA Electronic Security Engineering, Inc.*, 32 Conn. App. 205, 210–11, 628 A.2d 991 (1993).[11]

---

[10] We decline to determine whether § 52-577 also bars the plaintiffs' nuisance claim for several reasons. First, we note that in the second amended second revised complaint, the operative pleading, the plaintiffs rely on the same operative facts for their nuisance claim that form the basis for their negligence claim. Second, because the nuisance claim is predicated on negligence, § 52-584 is the applicable statute of limitations. Last, it is not at all clear from our reading of the transcript of the court's oral decision whether the court directed the verdict for the town, in part, because § 52-577 applies to the plaintiffs' nuisance claim, and the plaintiffs did not seek an articulation of the court's decision. See Practice Book § 66-5.

[11] Section 52-584 may be tolled, however, where there is evidence of the defendants' continuous course of conduct, "thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . . [T]o support a finding of a continuous course of conduct that may toll the statute of limitations there must be evidence of the breach of duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon,

Here, the negligent act complained of occurred in either 1969 or 1970, when the town filled the swale on the neighbor's property with riprap. The evidence further shows that the plaintiffs were aware of actionable harm in 1990, when they experienced severe flooding for the first time after they purchased the property.[12] The plaintiffs did not commence this action, however, until July, 1994, which is beyond the time period permitted by § 52-584. We conclude, therefore, that the court properly determined that the statute of limitations bars the plaintiffs' common-law claims.

The plaintiffs next claim that the court improperly determined that § 13a-138a bars their statutory claim under § 13a-138. We disagree.

Although the trial court did not provide a detailed explanation for its ruling on this issue, and neither party sought an articulation of that ruling, we determine that the record is sufficient for our review of the issue.[13] See *Community Action for Greater Middlesex County,*

there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) *Witt* v. *St. Vincent's Medical Center,* 252 Conn. 363, 369–70, 746 A.2d 753 (2000). Here, the plaintiffs have neither pleaded nor produced any evidence of a special relationship between themselves and the town or any subsequent wrongful conduct by the town related to the complained of act that would have tolled § 52-584 for purposes of bringing the present action. Therefore, the continuous course of conduct doctrine is inapplicable.

[12] According to the testimony of the plaintiff David Johnson, the plaintiffs first experienced flooding following a heavy rainstorm in 1990, which caused riprap, tree trunks and other debris to wash down from the neighbor's property onto their property. David Johnson's testimony is consistent with a letter from Weiss to the plaintiff Eileen Johnson, dated January 24, 1991, in which Weiss acknowledged receipt of her earlier letter regarding the drainage problem in the plaintiffs' backyard.

[13] The parties briefed and argued the issue to the trial court, and the court rendered judgment on all of the counts of the plaintiffs' complaint. The court, however, in its oral decision on the town's motion for a directed verdict, specifically decided that § 52-584 barred the plaintiffs' common-law claims for negligence and nuisance.

*Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 392–97, 757 A.2d 1074 (2000). In the present case, there is no dispute as to the date on which the town's act occurred, and the question to be resolved is one of law that requires our de novo review. See id.

Section 13a-138a serves as a limitation on actions for drainage damages brought pursuant to § 13a-138. Section 13a-138a provides in relevant part that "[n]o action shall be brought by the owner of land adjoining a public highway . . . for recovery of damage to such property . . . by reason of any draining of water into or through such land by any town, city, borough or other political subdivision of the state pursuant to subsection (a) of section 13a-138, but within fifteen years next after the first occurrence of such drainage, except that if such drainage first occurred prior to October 1, 1981, no such action shall be brought after October 1, 1986."

The trial court found that, as to all three counts, the statute of limitations began to run in 1970, the year in which the town installed riprap into a swale on the neighbor's property. Taylor testified that, following the installation of the riprap, storm water runoff was diverted from her property onto the property at 39 Hummingbird Drive. On the basis of the language of § 13a-138a, as a matter of law, the plaintiffs could not bring any action after October 1, 1986, because the drainage first occurred before October 1, 1981. The plaintiffs brought the present action in July, 1994, a date well beyond October, 1986. We conclude that the court properly determined that § 13a-138a bars the plaintiffs' claim under § 13a-138.

The judgment is affirmed.

In this opinion the other judges concurred.