18 A.3d 685 (2011)
128 Conn.App. 805
U.S. BANK NATIONAL ASSOCIATION, as Trustee
v.
Robert M. KARL et al.
No. 32167.
Appellate Court of Connecticut.
Argued March 22, 2011.
Decided May 24, 2011.
Abram Heisler, for the appellants (defendants).
Elizabeth M. Crowe, for the appellee (plaintiff).
BEACH, ALVORD and SCHALLER, Js.
ALVORD, J.
The defendants, Robert M. Karl and Susan Moore, appeal from the judgment, rendered after a trial to the court, in favor of the plaintiff, U.S. Bank National Association, as trustee. On appeal, the defendants claim that the court improperly denied their motion to dismiss the summary process complaint. We disagree and, accordingly, affirm the judgment of the trial court.
The following facts and procedural history are relevant to the defendants' appeal. The plaintiff took title to 38 Georgetown Road in Weston, by virtue of a certificate of foreclosure dated February 14, 2007. On February 2, 2009, a notice to quit was served on the defendants by abode service.[1]
*686 The plaintiff commenced this summary process action on February 20, 2009. On April 3, 2009, the defendants filed a motion to dismiss, alleging that the notice to quit was improper for failure to name the landlord or owner of the subject property, thus depriving the court of subject matter jurisdiction. After argument on the motion on April 23, 2009, the court denied the motion to dismiss, finding, inter alia, that the notice to quit statute, General Statutes § 47a-23,[2] expressly permits an owner's legal representative to provide the notice. The parties proceeded to trial on April 8, 2010, and the court rendered judgment of possession in favor of the plaintiff. This appeal followed.
The defendants' sole claim on appeal is that the notice to quit was defective for failure to state the name of the owner of the subject property. We disagree.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to deny] . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) Caruso v. Bridgeport, 285 Conn. 618, 627, 941 A.2d 266 (2008); see also South Sea Co. v. Global Turbine Component Technologies, LLC, 95 Conn.App. 742, 744, 899 A.2d 642 (2006).
"Before the [trial] court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . As a condition precedent to a summary process action, proper notice to quit [pursuant to § 47a-23] is a jurisdictional necessity.. . . This court's review of the trial court's determination as to whether the notice to quit served by the plaintiff effectively conferred subject matter jurisdiction is plenary. . . .
"We further observe that [s]ummary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully *687 holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) Bayer v. Showmotion, Inc., 292 Conn. 381, 388, 973 A.2d 1229 (2009).
"The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . In seeking to determine [the] meaning [of a statute], General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extra-textual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) Thomas v. Dept. of Developmental Services, 297 Conn. 391, 399, 999 A.2d 682 (2010).
The defendants acknowledge that it is "undisputed that the landlord's attorney may sign the notice to quit"[3] but argue that "if an essential purpose of the notice to quit is to apprise the tenant of the information which he needs to defend the eviction then it would make sense that the notice to quit state the identity of the landlord. . . ." We are not persuaded.
The text of § 47a-23 is clear and unambiguous. The legislature used language indicating that notice shall be given by "owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law, or in-fact." In fact, three times in this statutory section, the legislature identified "the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law, or in-fact" as one category of individuals authorized by the statute to provide notice. The use of the word "or" in § 46a-23, instead of "and," suggests "in the alternative."[4] Because the owner and the owner's legal representative both are included in the specific array of possible individuals who might give notice, we cannot see how the statute as written requires that the notice to quit reflect both the owner's identity and the identity of the owner's legal representative, attorney-at-law or attorney-in-fact.
Furthermore, if, in contemplating the content of the notice to quit, the legislature considered the identity of the owner to be necessary, it could have included such requirement in the list of information under § 47a-23 (b) where it provides that "notice shall be in writing substantially in *688 the following form. . . ." It is well settled that "[w]e are not permitted to supply statutory language that the legislature may have chosen to omit." (Internal quotation marks omitted.) Ventres v. Goodspeed Airport, LLC, 275 Conn. 105, 160, 881 A.2d 937 (2005), cert. denied, 547 U.S. 1111, 126 S.Ct. 1913, 164 L.Ed.2d 664 (2006). We decline the defendants' invitation to do so now.
The judgment is affirmed.
In this opinion the other judges concurred.
NOTES
[1] The defendants do not dispute that the notice to quit was properly served. The notice stated: "I hereby terminate your lease and give you notice that you are to move out of the premises you occupy at 38 Georgetown Road, Weston, Connecticut, on or before February 7, 2009, for the following reasons: You originally had the right or privilege to occupy the premises, but such right or privilege has terminated. If you do not move by the date stated above, I may start an eviction action against you. Any payments tendered after service of the Notice to Quit Possession will be accepted for reimbursement of costs and attorney's fees and for use and occupancy only with reservation to continue with the eviction action. Dated at Farmington . . . January 29, 2009. [Signed.] Renee E. Bishop, Attorney For Owner. . . ."
[2] General Statutes § 47a-23 provides in relevant part: "(a) When the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building . . . such owner or lessor, or such owner's or lessor's legal representative, or such owner's or lessor's attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land [or] building . . . at least three days . . . before the time specified in the notice for the lessee or occupant to quit possession or occupancy.

(b) The notice shall be in writing substantially in the following form: `I . . . hereby give you notice that you are to quit possession or occupancy of the (land [or] building . . .), now occupied by you at (here insert the address. . .), on or before the (here insert the date) for the following reason (here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import, also the date and place of signing notice). A.B.' If the owner or lessor, or the owner's or lessor's legal representative, attorney-at-law or attorney-in-fact knows of the presence of an occupant but does not know the name of such occupant, the notice for such occupant may be addressed to . . . some other alias which reasonably characterizes the person to be served. . . ."
[3] We find persuasive the decision of the Appellate Session of the Superior Court, in which, in a similar factual scenario, the notice to quit was signed by the attorney with no specific indication of the identity of the owner. See Evergreen Corp. v. Brown, 35 Conn. Supp. 549, 550-51, 396 A.2d 146 (1978) ("[t]here is no reason why a notice to quit may not be signed by a duly authorized attorney. Webb v. Ambler, 125 Conn. 543, 553, [7 A.2d 228 (1939)]").
[4] Our Supreme Court and this court have likewise construed, in the context of other statutes, the word "or" to be disjunctive, synonymous with "in the alternative." See, e.g., Giannitti v. Stamford, 25 Conn.App. 67, 75-76, 593 A.2d 140 (declining to "determine that the word `or' in the statute [at issue] should be read in the conjunctive as `and' rather than in the disjunctive . . .") cert. denied, 220 Conn. 918, 597 A.2d 333 (1991); State v. Breton, 212 Conn. 258, 279, 562 A.2d 1060 (1989) ("[i]t is clear that by the use of the word `or,' the legislature intended the separate terms in [the subsection of the statute at issue] to apply in the alternative").