******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JAN HLINKA *v.* MARIA K. MICHAELS
### (AC 43759)

Bright, C. J., and Alexander and Suarez, Js.

*Syllabus*

The plaintiff, J, sought, by way of summary process, to regain possession of certain premises that he owned with B, his wife, that were occupied by the defendant. The defendant filed special defenses, a counterclaim and prayers for relief. The trial court granted the defendant's motion to cite in B as a counterclaim defendant. When J and B moved to strike the defendant's counterclaim and prayers for relief, the trial court, sua sponte, struck all but one of the defendant's special defenses. Following a trial, the court rendered judgment of possession of the premises in favor of J and B, and the defendant appealed to this court. *Held*:

1. The defendant could not prevail on her claim that the trial court lacked subject matter jurisdiction over the action, as the record clearly reflected that the joint owners of the premises were unanimous in their desire that the defendant be evicted from the premises: after B was added as a party to the action, she joined with J, a joint owner, in all efforts to secure a judgment of possession for them and against the defendant and there was no evidence that B objected to the summary process action; moreover, there was no language or provision in the applicable statute (§ 47a-23) providing that the trial court was deprived of subject matter jurisdiction over a summary process action unless all owners of a subject property agreed with the initiation of the action by a statement in the complaint or some sworn statement.

2. The trial court improperly struck, sua sponte, the defendant's special defense of laches; the defendant was not provided with reasonable notice that her special defense could be struck, as J and B filed a motion to strike the defendant's counterclaim and prayers for relief and did not move to strike the defendant's special defenses, yet, in granting the motion to strike, the court struck the special defense of laches.

Argued February 10—officially released May 11, 2021

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Fairfield, Housing Session at Bridgeport, where the defendant filed a counterclaim; thereafter, the court, *Spader, J.*, granted the defendant's motion to cite in Beata Hlinka as a counterclaim defendant; subsequently, the court granted the plaintiff's motion to strike; judgment for the plaintiff on the complaint and for the plaintiff and the counterclaim defendant on the counterclaim, from which the defendant appealed to this court. *Reversed*; *further proceedings*.

*John R. Williams*, for the appellant (defendant).

*Kevin J. Curseaden*, for the appellees (plaintiff and counterclaim defendant).

*Opinion*

BRIGHT, C. J. In this summary process action, the defendant, Maria K. Michaels, appeals from the judgment of possession rendered by the trial court in favor of the plaintiff, Jan Hlinka, and Beata Hlinka.[1] The defendant claims that the court (1) lacked subject matter jurisdiction over the action and (2) erred in striking, sua sponte, the defendant's special defense of laches. We conclude that the court had subject matter jurisdiction over the action, but we agree with the defendant's claim that the court improperly struck, sua sponte, her special defense of laches. Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Jan Hlinka is the defendant's nephew and Beata Hlinka is Jan Hlinka's wife. The defendant has lived at 180 Rosebrook Drive in Stratford (premises) since 1965 and was the plaintiffs' sponsor when they immigrated to the United States. Since arriving in the United States, the plaintiffs have worked for the defendant. In May, 1999, the defendant entered into a purchase agreement for the sale of the premises to the plaintiffs. Pursuant to the purchase agreement, the defendant was granted the right to live on the premises pursuant to the following language: "The purchase price for [the premises] was established at One Hundred Sixty Five Thousand Dollars ($165,000) with the agreement that [the defendant] will continue to reside there as long as she does not become a burden to [the plaintiffs]." The purchase agreement was signed by the plaintiffs and the defendant. The transaction was evidenced by a warranty deed recorded in the Stratford land records on June 22, 1999, in volume 1508 at page 52.

Subsequent to the transaction, the relationship between the parties became acrimonious. On February 14, 2019, Jan Hlinka served a notice to quit possession on the defendant. The notice stated that the defendant must quit possession or occupancy of the premises on or before February 19, 2019, because the defendant's original right or privilege to occupy the premises had been terminated. A complaint seeking a judgment for immediate possession was filed on February 28, 2019, by Jan Hlinka, with a return date of March 8, 2019. On March 11, 2019, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction on the grounds that Jan Hlinka's notice to quit and summary process action failed to list both of the plaintiffs as co-owners of the premises and failed to allege or demonstrate that good cause existed to evict the defendant pursuant to General Statutes § 47a-23c (b) (1). The court denied the defendant's motion to dismiss.

On May 13, 2019, the defendant filed an answer, special defenses, and a five count counterclaim. The defendant asserted special defenses of estoppel, laches, fail-

ure to include an indispensable party, and violation of General Statutes § 47a-23. The defendant also moved to cite in Beata Hlinka as an additional counterclaim defendant and the court granted the defendant's motion. In June, 2019, Jan Hlinka and Beata Hlinka, jointly as plaintiffs, filed a motion to strike the defendant's counterclaim and prayers for relief in their entirety. The plaintiffs did not move to strike the defendant's special defenses. Nevertheless, the court, in addition to granting the plaintiffs' motion to strike the defendant's counterclaim, sua sponte, struck the defendant's special defenses, with the exception of her special defense of estoppel. After a trial to the court, the court issued a written decision on December 27, 2019, in which it rendered judgment of possession of the premises in favor of the plaintiffs with a stay of execution through April 27, 2020, and rejected the defendant's estoppel defense. This appeal followed. Additional facts will be set forth as necessary.

I

On appeal, the defendant concedes that the failure to name every owner of the subject property in a notice to quit does not deprive the court of subject matter jurisdiction in a summary process action. The defendant argues, nevertheless, that the court lacked jurisdiction because nothing in the summary process complaint or in an affidavit indicated to the court "that both of the joint owners of [the premises] joined or agreed in bringing the action to evict the defendant . . . ." In response, the plaintiffs contend that there is no requirement that all consenting owners must be joined in either the notice to quit or in the summary process action that follows.

We first set forth the standard of review and relevant legal principles. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . [W]here the court rendering the judgment lacks jurisdiction of the subject matter the judgment itself is void. . . . Indeed, [i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Citations omitted; internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

"Before the [trial] court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . As a condition precedent to a summary process action, proper notice to quit [pursuant to § 47a-23] is a jurisdictional necessity. . . .

"We further observe that [s]ummary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Karl*, 128 Conn. App. 805, 808–809, 18 A.3d 685, cert. denied, 302 Conn. 909, 23 A.3d 1249 (2011).

Section 47a-23 (a) (3) provides in relevant part: "When the owner or lessor, or the owner's or lessor's legal representative, or the owner's or lessor's attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building . . . and . . . when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor, or such owner's or lessor's legal representative, or such owner's or lessor's attorney-at-law, or in-fact, shall give notice to each . . . occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy." General Statutes § 47a-1 (e) defines "[o]wner" as "one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property, or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession." "[V]ested" is defined as "[h]aving become a completed, consummated right for present or future enjoyment; not contingent; unconditional; absolute." Black's Law Dictionary (9th Ed. 2009) p. 1699.

The defendant, citing to *T.D.B. International, LLC* v. *Parziale*, Superior Court, judicial district of Waterbury, Housing Session, Docket No. SPWA-95-1115883 (April 3, 1996) (16 Conn. L. Rptr. 607), argues that a summary process action may not be brought unless all of the owners agree with the initiation of the action. In *T.D.B. International, LLC*, the housing court addressed the issue of whether a person who has a two-thirds interest in real property fits the definition of the term "the owner" as used in § 47a-23, and therefore is authorized to bring a summary process action when the owner of

the remaining interest *opposes* bringing such an action. See id., 607.

In interpreting the term "owner" in § 47a-23, the court concluded that "[w]hile in some situations, the term 'owner' may mean one of several vested parties, the court finds that under [§ 47a-23], 'owner' means unanimity of the interests of the owners of the property." Id., 608. The court concluded further that the use of the word "the" to modify the term "owner" demonstrates the intended meaning of the phrase "the owner" in § 47a-23 as "an inclusive group which by definition connotes unanimity of interest." Id. In support of its conclusion, the court stated: "This finding is further supported by using a commonsense approach in construing the statute. Because the statute is aimed at providing possession of real property to those entitled to it, it follows that all owners have an interest in the disposition of the property. To effectuate the statutory intent, it is imperative that all of the owners act as one when bringing a summary process action. Only with a consensus can all the owners' unanimity of interest be represented. Therefore, the act of one owner against the wishes of the other owners, clearly goes against the statutory purpose of insuring that the owners decide how the property should be utilized." Id.[2]

We need not reach the question of whether § 47a-23 requires that all owners of a property be unanimous in their desire to pursue a summary process action because the record in this case clearly reflects that, unlike in *T.D.B. International, LLC*, the joint owners of the premises are unanimous in their desire that the defendant be evicted from the premises. After Beata Hlinka was added as a counterclaim defendant in this action, she joined with her husband and joint owner in all efforts to secure a judgment of possession for the plaintiffs and against the defendant. There is no evidence that Beata Hlinka objected to the summary process action. The concerns expressed by the court in *T.D.B. International, LLC*, simply do not exist in this case.

We also disagree with the defendant that the unanimity of the owners must be set forth in the summary process complaint or in an affidavit. Section 47a-23 does not contain any language or provision providing that the trial court is deprived of subject matter jurisdiction over a summary process action unless all owners of the subject property agree with the initiation of the action by a statement in the complaint or some sworn statement. There is no question in this case that all owners of the premises were in agreement to pursue this summary process action. Thus, the defendant's jurisdictional argument is wholly without merit.

## II

The defendant's second claim is that the court erred

when it, sua sponte, struck her special defense of laches.[3] The plaintiffs contend that the court properly struck the special defense of laches because it was nonresponsive to the allegations of the complaint. We agree with the defendant.

We note the standard of review and legal principles that apply to the defendant's claim. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Fratarcangeli*, 192 Conn. App. 159, 164, 217 A.3d 649 (2019).

"Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. . . . Our rules of practice contain provisions for the framing of issues . . . . Our rules of practice include Practice Book § 10-39 et seq., which governs motions to strike; its proscriptions for its purpose and use are carefully set out. Given what may be the legal consequence to a party against whom such a motion is granted, the movants should be required to follow our rules of practice, especially as to the party or parties against whom it is directed. We cannot say that it is an unreasonable practice to condition the right to the remedy sought by a movant on a motion to strike on the requirement that the movant plead for that relief in a manner so that all parties directly concerned know that they are the object of such requested relief." (Citations omitted; internal quotation marks omitted.) *Heim* v. *California Federal Bank*, 78 Conn. App. 351, 363, 828 A.2d 129, cert. denied, 266 Conn. 911, 832 A.2d 70 (2003).

Furthermore, "[w]e are mindful that it is a fundamental tenet of due process that persons directly concerned with the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses. . . . This case calls to mind the admonition that [e]ither we adhere to the rules [of practice] or we do not adhere to them." (Citation omitted; internal quotation marks omitted.) Id., 364.

In June, 2019, the plaintiffs filed a motion to strike the defendant's counterclaim and prayers for relief in their entirety on the ground that the counterclaim and

prayers for relief did not implicate possession and, therefore, were not properly before the trial court in the summary process action. The plaintiffs, by way of their motion and memorandum of law in support of the motion to strike, did not move to strike the defendant's special defenses. Yet, in granting the plaintiffs' motion to strike, the court struck all counts of the defendant's counterclaim as well as all of the defendant's special defenses, with the exception of the special defense of estoppel. Because the defendant was not provided with reasonable notice that her special defense of laches could be struck, we conclude that the court acted improperly when it, sua sponte, struck that defense. See id., 363–64 (concluding that trial court improperly struck, sua sponte, count in absence of any motion to strike count); see also *Yale University School of Medicine* v. *McCarthy*, 26 Conn. App. 497, 502, 602 A.2d 1040 (1992) (concluding that it was improper for trial court to dismiss defendant's counterclaim in absence of motion to strike by opposing party).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Although the trial court granted the defendant's motion to cite in Beata Hlinka as a counterclaim defendant, Beata Hlinka was not added as a party plaintiff. For ease of reference, we refer to Jan Hlinka and Beata Hlinka collectively as the plaintiffs and individually by name.

[2] We note that there is a split in the Superior Court on the issue of whether the term "owner," as used in § 47a-23, connotes unanimity of the interests of the owners of a property. See *Greene* v. *Cabarrus*, Superior Court, judicial district of New Haven, Housing Session, Docket No. NHSP-08-098865 (September 8, 2009) (48 Conn. L. Rptr. 504, 504) (holding that entire ownership of premises must be represented as plaintiffs in order to maintain eviction action); *Sekeret* v. *Zdanis*, Docket No. DV-187692, 2001 WL 477433, *2 (April 19, 2001) ("[w]hile the notice to quit statute requires the owner to serve a notice to quit, the statute's language refers to an owner as being an inclusive group requiring unanimity of interest"). But see *Toler* v. *Grant*, Superior Court, judicial district of Hartford, Housing Session, Docket No. HDSP-144942 (April 2, 2008) (45 Conn. L. Rptr. 282, 284) (plaintiff, individually, can bring summary process action and unanimity of both owners is not required); *Chimblo* v. *Hutter*, Docket No. X01-CV-99-0162957, 2001 WL 357919, *9 (March 29, 2001) ("[§ 47a-23] does not require a plaintiff to be the sole owner, but specifically provides that summary process may be brought by 'the owner,' and the statutory definition includes those with a shared or partial interest").

[3] On appeal, the defendant does not raise a claim with respect to the court's striking of her special defenses alleging failure to include an indispensable party and a violation of § 47a-23.